IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANGELA FAYE JOHNSON                                                                         PLAINTIFF

v.                              Civil No. 3:22-cv-03009

NURSE JODI WOOD                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Defendant's Motion to Dismiss (ECF No. 36) and Plaintiff's failure to obey the Orders of the Court.

### I.    DISCUSSION

On March 22, 2023, Defendant filed a Motion to Dismiss for Lack of Prosecution (ECF No. 36). In the Motion, Defendant asserted that Plaintiff was no longer at her address listed on the docket sheet and had failed to submit a change of address to the Court. An Order (ECF No. 38) was entered directing Plaintiff to respond to the Motion to Dismiss. Her response was due by April 12, 2023.

Plaintiff did not file a response to the Motion to Dismiss. The Court Order (ECF No. 38) was not returned as undeliverable. On April 20, 2023, a Show Cause Order (ECF No. 39) was entered. Plaintiff was given until May 11, 2023, to show cause why she failed to obey the Order of the Court. Plaintiff was advised that if she failed to respond to the Show Cause Order the case shall be subject to dismissal.

To date, Plaintiff has not filed a response to the Motion to Dismiss or a response to the

Show Cause Order. She has not requested an extension of time to file her responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 38 & 39).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that Defendant's Motion to Dismiss (ECF No. 36) be **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, her failure to obey the orders of the Court, and her failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE